Filed 9/18/24  P. v. Hernandez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARINO ANTONIO HERNANDEZ,<br><br>Defendant and Appellant. | H051550<br>(Santa Clara County<br>Super. Ct. No. 210770) |

**THE COURT[1]**

Marino Antonio Hernandez[2] appeals an order denying his motion for reconsideration to reduce, modify, or vacate the restitution fines the trial court ordered him to pay.  For the reasons set forth below, we affirm the order.

## I.  PROCEDURAL BACKGROUND[3]

In 2007, Hernandez pled guilty to three counts of aggravated sexual assault of a child under the age of 14 (§ 269, counts 1, 2 and 10).  The trial court dismissed the remaining counts, as well as special allegations pursuant to sections 12022.3 and

---

[1] Before Greenwood, P. J., Grover, J., and Danner, J.

[2] The abstract of judgment included in the record filed by the trial court identifies appellant as Marino Antonio Hernandez.  In the supplemental brief he filed for this appeal, appellant states his name is Marino Hernandez Antonio.  He signed the brief Marino Hernandez.  We refer to appellant as Marino Antonio Hernandez in this opinion.

[3] We omit the facts of the offense as they are not relevant to the analysis and disposition of the appeal.

12022.8, and sentenced Hernandez to an indeterminate term of 45 years to life. It also ordered Hernandez to pay a $10,000 restitution fine under section 1202.4, subdivision (b), payable forthwith pursuant to section 2085.5. The court suspended an additional $10,000 restitution fine pursuant to section 1202.45 unless parole was revoked. In addition to restitution fines, the judgment ordered Hernandez to pay a $60 court security fee and $300 plus a $663 penalty assessment pursuant to section 290.3. The court did not impose an administrative fee under section 1202.4 or 2805.5 for the collection of the restitution fine.

In 2022, Hernandez filed a motion seeking to vacate his unpaid restitution fines and fees pursuant to Assembly Bill No. 1869 "in conjunction with" Assembly Bill No. 2496 and section 688.5. He argued that these legislative enactments required the court to vacate the unpaid fines. Alternatively, he asked the court to modify the amounts owed to the "statutory minimum[.]" Hernandez alleged that he had been "an indigent person" from the beginning of his incarceration, and he attached an "Inmate Statement Report" as evidence. He also claimed he had been in a wheelchair for five years and was unable to work or walk.

The trial court agreed that section 1465.9, which was added to the Penal Code by Assembly Bill No. 1869 (Stats. 2020, ch. 92, § 62), rendered certain court-imposed costs unenforceable and uncollectible. The court ordered, "the remaining balance of any costs that are currently unenforceable and uncollectible are hereby ordered vacated and stricken." The court did not specify what portion of the amounts owed by Hernandez, if any, were stricken by the order.

Regarding Assembly Bill No. 2496, which added section 688.5 to the Penal Code (Stats. 2018, ch. 264, § 1), the trial court held that Hernandez failed to demonstrate that he had been charged by "[a] city, county, or city and county, including an attorney acting on behalf of a city, county, or city and county" for "the costs of investigation,

2

prosecution, or appeal in a criminal case . . . ." (§ 688.5, subd. (a).) The court denied that portion of Hernandez's request without prejudice.

Believing the trial court's order vacated or struck the restitution fine included in the original abstract of judgment, Hernandez asked the court to issue a new abstract of judgment, or otherwise notify the California Department of Corrections and Rehabilitation that he no longer owed the "balance of unpaid restitution Court-fees and fines." In response, the trial court issued an order stating that Hernandez had "misinterpret[ed] the court's prior order. While it vacated and struck the remaining balance of any costs that are currently unenforceable and uncollectible under Penal Code section 1465.9, it did not vacate or strike any portion of the restitution fine ordered in [Hernandez's] case. Indeed, restitution fines under Penal Code section 1202.4(b)—such as the $10,000 restitution fine imposed in [Hernandez's] case under Penal Code section 1202.4(b)—are not impacted by Penal Code section 1465.9. Nor does Penal Code section 1465.9 eliminate any victim restitution awards." The court cited the Legislature's statement of intent in adopting section 1465.9, " 'to eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees.' (Stats. 2021, ch. 257, § 2.)" It also noted that, as part of the legislation, the Legislature repealed a provision allowing county boards of supervisors to impose an administrative fee to cover the cost of collecting restitution fines. The court denied Hernandez's request for a new abstract of judgment.

Hernandez thereafter filed a "motion for reconsideration," asking the court to reduce the "excessive restitution fine" to the "statutory minimum of $100, $200, or $300[.]" Alternatively, he asked the court to vacate the fine pursuant to Assembly Bill No. 1869, and Assembly Bill No. 2495, in conjunction with sections 688.9 and 1465.9. Hernandez argued that he did not misinterpret the court's original order striking unenforceable fees. Rather, because the trial court did not impose any administrative

3

fees, he contended it was appropriate for him to read the trial court's order as striking the restitution fines, asking, "if [Hernandez] had not any costs other than the restitution fine, why [did] the Court [grant] vacation of his remaining balance?" Section 1465.9 explicitly includes several sections of the Penal Code concerning restitution among the provisions it deems unenforceable and uncollectible, including sections 1202.4 and 2085.5. Thus, Hernandez argued that the Legislature did intend to make his unpaid restitution fines unenforceable. Finally, Hernandez claimed the trial court did not hold a hearing regarding his ability to pay the restitution fines, which he contended violated his constitutional rights under both the federal and state Constitutions. He reiterated the request he made in his original motion for the court to reduce the restitution fine to the statutory minimum.

The trial court denied Hernandez's request for reconsideration, finding that he did not set forth a sufficient basis for reconsideration. Hernandez filed the instant appeal from the order denying reconsideration. He included a request for a certificate of probable cause with the notice of appeal, "if necessary." The record on appeal does not include an order ruling on the request for a certificate of probable cause.

Appellate counsel filed an opening brief pursuant to the procedure set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We notified Hernandez that he could file a supplemental brief on his own behalf, and that failure to do so would result in dismissal of the appeal as abandoned. (*Id.* at p. 232.) Hernandez filed a timely supplemental brief.

## II. DISCUSSION

In his supplemental brief, Hernandez contends that the initial trial court order vacating and striking the balance of unpaid costs that are currently unenforceable and uncollectible is properly interpreted to include the balance of the restitution fines under Assembly Bill Nos. 1869 and 2495, and section 688.5. Hernandez further contends the imposition of a $10,000 restitution fine violated his rights under the Eighth Amendment.

4

He claims the trial court's failure to have an ability to pay hearing, "when the trial court was totally aware of the appellant's mental discapacity at the time of his sentence to under[s]tand court proceedings," also violated his rights.

As an initial matter, the order denying Hernandez's motion for reconsideration is not clearly appealable. By statute, a defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) However, case law has limited the otherwise broad reach of this rule where an appeal would "virtually give defendant two appeals from the same ruling, and since there is no time limit within which the motion may be made, would in effect indefinitely extend the time for appeal from the judgment. [Citation.]" (*People v. Thomas* (1959) 52 Cal.2d 521, 527 [no appeal lies from an order denying a motion to vacate a conviction on a ground that could have been reviewed on appeal from the judgment].) Hernandez does not raise arguments in this appeal that he could not have raised in an appeal from the trial court's initial order concerning his motion to vacate or modify the fines.

Even if the order denying the motion for reconsideration is appealable, Hernandez has not raised an arguable issue in his supplemental brief. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.) Hernandez does not address the trial court's determination that he failed to set forth a sufficient basis for reconsideration, instead focusing on the substance of the claims he made in his initial motion. While this court is required to evaluate the specific arguments Hernandez presented in his supplemental brief, we are not required to independently review the record to identify unraised issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) His failure to address this ruling renders this court unable to find that Hernandez has a reasonable potential for success on appeal.

To the extent this court can consider the merits of his claims, Hernandez has not raised arguable issues in his brief. Effective July 1, 2021, Assembly Bill No. 1869

abrogated the authority of courts to impose and collect 23 different court-imposed costs, by adding section 1465.9 to the Penal Code, and section 6111 to the Government Code. (Stats. 2020, ch. 92, §§ 11, 62.) The Legislature then passed Assembly Bill No. 177, which took effect on January 1, 2022. Prior to the enactment of Assembly Bill No. 177, sections 1202.4, subdivision (l), and 2085.5 permitted the imposition of various administrative fees associated with the collection of the restitution fine. Assembly Bill No. 177 repealed and then re-enacted section 1202.4, eliminating former subdivision (l), which authorized county administrators to impose an administrative fee to cover the costs of collecting the restitution fine. (Stats. 2021, ch. 257, §§ 19, 20.) Assembly Bill No. 177 also repealed the administrative fees that could be imposed pursuant to section 2085.5, but left intact the provisions allowing prison and jail administrators to deduct a percentage of wages earned by inmates as payment of restitution fines. (Compare Stats. 2016, ch. 718 [former § 2085.5, subd. (e)] with Stats. 2021, ch. 257, § 37.) Finally, Assembly Bill No. 177 amended section 1465.9 to render unenforceable and uncollectible the balance of any court-imposed costs under sections 1202.4 and 2085.5. (Stats. 2021, ch. 257, § 35.)

Here, the court did not impose any administrative fees or costs related to the collection of the restitution it ordered Hernandez to pay. The abstract of judgment indicates that the court imposed a $10,000 restitution fine under section 1202.4, subdivision (b), which, under section 2085.5, may be collected by deducting from the wages and trust account of a prisoner. (§ 2085.5, subds. (a), (c).) That procedure remains valid and unaffected by Assembly Bill No. 1869 and Assembly Bill No. 177. As the trial court noted, in Assembly Bill No. 1869, the Legislature set forth its intent "to eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees." (Stats. 2020, ch. 92, § 2.) The restitution orders at issue in Hernandez's case do not include administrative fees.

6

Accordingly, Hernandez's contentions regarding the effect of Assembly Bill No. 1869 on his restitution fines are not arguable.

Regarding Hernandez's claim that the trial court erred in imposing a restitution fine without holding an ability to pay hearing, Hernandez, on appeal, correctly recognizes the general rule that a party forfeits a claim on appeal if they did not timely raise an appropriate objection in the trial court. The record on appeal does not demonstrate that Hernandez objected to the imposition of a $10,000 restitution fine—the maximum allowed under section 1202.4, subdivision (b)—at the time of sentencing. Where the trial court orders the maximum fine, a defendant is required to object to the fine at the time of sentencing and demonstrate his inability to pay anything more than the statutory minimum, and a failure to do so forfeits the objection. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154; accord *People v. Ramirez* (2023) 98 Cal.App.5th 175, 225; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033.) In his supplemental brief, Hernandez does not cite any legal or factual basis to deviate from this rule.

In his brief, as he did in the trial court, Hernandez states that neither the trial court nor his trial counsel informed him that he had "120 days after his sentence to file an objection to the excessive restitution on his ability to pay." To the extent that this statement can be interpreted as an argument that he received ineffective assistance of trial counsel, such a claim is not timely, as it was cognizable only on appeal from the original judgment of conviction, or by a writ of habeas corpus. (See *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477.) While a defendant who pleads guilty may challenge the judgment of conviction based on the legality of the proceedings or the validity of the plea, the defendant must do so within 60 days of entry of the judgment after following the procedure set forth in section 1237.5. (Cal. Rules of Court, rule 8.308(a); see *People v. Mendez* (1999) 19 Cal.4th 1084, 1094-1095.) There is no indication in the briefs filed by counsel or Hernandez that Hernandez raised ineffective assistance of counsel in the trial court or by a timely notice of appeal or writ of habeas corpus following the judgment of

conviction. He cannot now seek review of trial counsel's conduct in the instant appeal from an order denying reconsideration of a motion to vacate his restitution fines.

Because Hernandez raises no arguable issue in his supplemental brief, we must affirm the order denying his motion to vacate the restitution fine. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503-504.)

### III.    DISPOSITION

The September 8, 2023 order denying the motion for reconsideration to reduce, modify, or vacate the restitution fine is affirmed.